```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CRAIG BURROUGHS, EDDIE MURDOCK,
GARY WALSH, JEROME KOWALSKI,
KEITH ADDISON, MICHAEL DOLLISON,
RAMEL NELLUMS, DANIEL MILLER,                MEMORANDUM & ORDER
LEO DUCHNOWSKI, CRAIG THURSTON,              13-CV-6784(JS)(WDW)
WILLIAM COWAN, KURTIS PHILLIP,
JAMES SUTHERLAND, JAMEL WILLIAMS,
KEVIN FARRELLY,

                    Plaintiffs,

        -against-

COUNTY OF NASSAU, MICHAEL SPOSATO,
Sheriff of Nassau County,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiffs:     Craig Burroughs, #13005758, pro se
                    Eddie Murdock, #13003401, pro se
                    Gary Walsh, #13003699, pro se
                    Jerome Kowalski, #13004867, pro se
                    Keith Addison, #13004867, pro se
                    Michael Dollison, #12009667, pro se
                    Ramel Nellums, #13007957, pro se
                    Daniel Miller, #12003565,     pro se
                    Leo Duchnowski, #13004975, pro se
                    Craig Thurston, #13003524, pro se
                    William Cowan, #13006769, pro se
                    Kurtis Phillip, #13003851, pro se
                    James Sutherland, #13005724, pro se
                    Jamel Williams, #13007156, pro se
                    Kevin Farrelly, #13004238, pro se

                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On November 18, 2013, plaintiffs, a group fifteen incarcerated pro se plaintiffs (collectively, "Plaintiffs"), filed a civil rights Complaint in this Court accompanied by an application to proceed in forma pauperis for each Plaintiff with the exception of Plaintiff Daniel Miller.[1] The Complaint is

---

[1] Given Miller's long history of frivolous litigation, the Court barred him from filing in forma pauperis complaints under the Prison Litigation Reform Act's "Three Strikes" provision. See Miller v. Cnty. of Nassau, No. 12-CV-4159, 2012 WL 4370125 (E.D.N.Y. Sept. 21, 2012); see also 28 U.S.C. § 1915(g). Miller is no stranger to this Court. Since 2000, Miller has filed twenty in forma pauperis civil actions, almost all of which have been dismissed: Miller v. United States, No. 00-CV-3088(CBA) (E.D.N.Y. 2001) (withdrawn); Miller v. Cnty. of Nassau, No. 00-CV-6124(JS)(WDW) (E.D.N.Y. 2001) (dismissed for failure to state a claim upon which relief may be granted); Crosby v. Walsh, No. 03-CV-4897(ARR) (E.D.N.Y. 2005) (dismissed in forma pauperis complaint filed by four inmates, including Miller, for failure to state a claim); Miller v. Reilly, No. 05-CV-0611(JS)(WDW) (E.D.N.Y. 2005) (settled); Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Reilly, No. 06-CV-3727(ADS) (E.D.N.Y. 2008) (settled); Miller v. Reily, No. 06-CV-6485(JS) (E.D.N.Y. 2007) (withdrawn); Miller v. Zerillo, No. 07-CV-1687(JS)(WDW) (E.D.N.Y. 2009) (dismissed as moot and unexhausted under the PLRA); Miller v. Zerillo, No. 07-CV-1719(JS) (E.D.N.Y. 2008) (dismissed as moot and unexhausted under the PLRA); Miller v. Lindsay, No. 07-CV-2556(JS) (E.D.N.Y. 2009) (dismissed as moot); Miller v. Alexander, No. 07-CV-3533(JS) (E.D.N.Y. 2008) (dismissed as moot); Miller v. Reilly, No. 08-CV-1863(TCP) (E.D.N.Y. 2009) (dismissed as unexhausted and moot); In re Daniel Miller, No. 12-MC-0512(JBW) (E.D.N.Y. 2012) (case closed by Order dated August 6, 2012 and Plaintiff's submission concerning "Terrorist Acts" was forwarded to the U.S. Marshal); Miller v. Spizatto, No. 12-CV-2511(JS) (E.D.N.Y. 2012) (dismissed unexhausted 28 U.S.C. § 2241 petition claiming excessive bail); Miller v. Cnty. of Nassau, No. 12-CV-4164(JS)(WDW) (E.D.N.Y. 2013) (dismissed without prejudice for failure to pay the filing fee); Miller v.

2

accompanied by a Motion for Preliminary Injunction, a request for an Order to Show Cause, and a Motion to Appoint a Plaintiff as the Representative Party to Sign Motions on Behalf of all Plaintiffs. (Docket Entries 17, 18.)

Upon review of Plaintiffs' declarations in support of their respective applications to proceed in forma pauperis (other than Miller), the Court finds that each Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.[2] See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiffs' applications to proceed in forma pauperis are GRANTED.

In addition, because Plaintiffs are proceeding pro se, they cannot represent anyone other than themselves. Miller, 2012 WL 4370125, at *1 (citing Moore v. T-Mobile USA, No. 10-CV-0527, 2011 WL 609818, at *6 (E.D.N.Y. Feb. 15, 2011)). Accordingly, Plaintiffs' request to appoint a representative to sign papers filed with the Court is DENIED.

---

Smith, No. 12-CV-4378(JS)(WDW) (E.D.N.Y. 2012) (same); Miller v. Cnty. of Nassau, No. 12-CV-4466(JS)(WDW) (E.D.N.Y. 2012) (same); Miller v. Cnty. of Nassau, No. 12-CV-4430(JS)(WDW) (E.D.N.Y. 2012) (same); Miller v. Cnty. of Nassau, No. 12-CV-4549(JS)(WDW) (E.D.N.Y. 2012) (same); and Miller v. Cnty. of Nassau, No. 12-CV-4550(JS)(WDW) (E.D.N.Y. 2012) (same).

[2] Miller paid his pro rata share of the filing fee on December 9, 2013.

CONCLUSION

For the foregoing reasons, Plaintiffs' applications to proceed in forma pauperis are GRANTED and Plaintiffs' Motion to Appoint a Plaintiff as the Representative Party to Sign Motions on Behalf of All Plaintiffs is DENIED. The Court ORDERS expedited personal service of the Summonses, the Complaint, the Motion for Preliminary Injunction, the request for an Order to Show Cause, and this Order by the United States Marshal Service without prepayment of the filing fee.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December __17__, 2013
Central Islip, NY