```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CRAIG BURROUGHS, EDDIE MURDOCK,
GARY WALSH, JEROME KOWALSKI,
KEITH ADDISON, MICHAEL DOLLISON,
RAMEL NELLUMS, DANIEL MILLER,                    MEMORANDUM & ORDER
LEO DUCHNOWSKI, CRAIG THURSTON,                  13-CV-6784(JS)(WDW)
WILLIAM COWAN, KURTIS PHILLIP,
JAMES SUTHERLAND, JAMEL WILLIAMS,
KEVIN FARRELLY,

                    Plaintiffs,

        -against-

COUNTY OF NASSAU; MICHAEL SPOSATO,
Sheriff of Nassau County,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiffs:     Craig Burroughs, #13005758, pro se
                    Eddie Murdock, #13003401, pro se
                    Gary Walsh, #13003699, pro se
                    Jerome Kowalski, #13004867, pro se
                    Keith Addison, #13004867, pro se
                    Michael Dollison, #12009667, pro se
                    Ramel Nellums, #13007957, pro se
                    Daniel Miller, #12003565, pro se
                    Leo Duchnowski, #13004975, pro se
                    Craig Thurston, #13003524, pro se
                    William Cowan, #13006769, pro se
                    Kurtis Phillip, #13003851, pro se
                    James Sutherland, #13005724, pro se
                    Jamel Williams, #13007156, pro se
                    Kevin Farrelly, #13004238, pro se
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     Pablo A. Fernandez, Esq.
                    Sara Kaye Schwartz, Esq.
                    Thomas Lai, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501

SEYBERT, District Judge:

Currently pending before the Court are plaintiffs Craig Burroughs, Eddie Murdock, Michael Dollison, Daniel Miller, Leo Duchonowski, and Jamal Williams' motion for a preliminary injunction and Magistrate Judge William D. Wall's Report and Recommendation ("R&R"), issued on March 19, 2014, recommending that the motion be denied. For the following reasons, the R&R is ADOPTED in its entirety.

BACKGROUND

This action was filed on November 18, 2013 by a group of fifteen pro se prisoners who claim that they are disabled and housed in the Medical Unit at the Nassau County Correctional Facility (the "NCCF"), where they allegedly suffer various violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Fourteenth and Eight Amendments of the United States Constitution. Plaintiffs have filed a motion for a preliminary injunction in which they allege, inter alia, that they are prevented from attending court and/or medical appointments because the NCCF does not maintain a handicapped accessible van. (Affirm. of Emergency, Docket Entry 18-1.) However, since the motion was filed and before Judge Wall issued his R&R, several of the plaintiffs either have been transferred out of the NCCF or moved from the Medical Unit to the general housing population. Accordingly, only six plaintiffs--Craig

2

Burroughs, Eddie Murdock, Michael Dollison, Daniel Miller, Leo Duchonowski, and Jamal Williams (collectively, "Plaintiffs")--have claims still pending before the Court on the motion. (Pls.' Reply Letter, Docket Entry 60, at 4[1].)

The proposed Order to Show Cause filed with the motion for preliminary injunction states that Plaintiffs seek to enjoin Defendants:

>   (1) . . . from enforcing policies and practices which subject plaintiffs to denial of access to the courts by preventing them from appearing in court;
>
>   (2) . . . from enforcing policies and practices which subject plaintiffs to risk of physical injury with respect to transportation to and from court and medical appointments;
>
>   (3) . . . from enforcing policies and practices or otherwise engaging in behavior which subjects plaintiffs, as disabled persons, to discriminatory treatment and deprives them of the programs, privileges and services afforded to all other inmates whom [sic] are not disabled persons;
>
>   (4) . . . from taking retaliatory actions against plaintiffs either collectively or individually;
>
>   (5) . . . to procure and maintain a handicapped-accessible vehicle for the transportation of plaintiffs and other disabled inmates . . . .

---

[1] This number refers to the page number supplied by the Case Management/Electronic Case Files system.

(Proposed Order to Show Cause, Docket Entry 18-4.)

On December 18, 2013, the Undersigned referred the motion for a preliminary injunction to Judge Wall. (Docket Entry 25.) Judge Wall issued his R&R on March 19, 2014, which recommends that Plaintiffs' motion for a preliminary injunction be denied because Plaintiffs did not show likelihood of success on the merits on any of the claims asserted and because the balance of equities do not weigh in Plaintiffs' favor. (Docket Entry 62.) Additionally, Judge Wall recommends that the special solicitude normally granted to pro se litigants be withdrawn for purposes of Plaintiffs' motion given Plaintiff Daniel Miller's ("Miller") role as the driving force behind this litigation and his extensive experience as a litigator in the Eastern District of New York.

On April 2, 2014, Plaintiffs filed objections to the R&R. (Pls.' Objs., Docket Entry 66.) On April 11, 2014, defendants Nassau County and Michael Sposato (collectively, "Defendants") moved to strike Plaintiff's objections arguing that they impermissibly raise facts and arguments not set forth in Plaintiffs' initial moving papers or reply. (Mot. to Strike, Docket Entry 70.)

## DISCUSSION

The Court will first address the standard of review before turning to Plaintiffs' objections specifically.

I.   Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition.  See FED. R. CIV. P. 72(b)(2).  Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51

(E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Plaintiffs' Objections

Plaintiffs first object to Judge Wall's recommendation that the special solicitude generally granted to pro se litigants be withdrawn for purposes of Plaintiffs' motion for a preliminary injunction given Miller's role as the driving force behind this litigation and his extensive experience as a litigator in the Eastern District of New York. Plaintiffs argue that Judge Wall erred here because, out of the numerous cases that Miller has filed in this District, "all but two (2) of those cases were dismissed at the screening stages of the complaint . . . ." (Pls.' Objs. at 2.) Thus, according to Plaintiffs, because most of these cases were dismissed in the preliminary stages, Miller has not gained the experience required to abandon the special solicitude generally offered to pro se litigants. The Court disagrees.

The Second Circuit has stated that "it is appropriate to charge an experienced pro se litigant with knowledge of, and

6

therefore to withdraw special status in relation to, particular requirements of the legal system with which he is familiar . . . ." Tracy v. Freshwater, 623 F.3d 90, 92 (2d Cir. 2010) (citing Sledge v. Kooi, 564 F.3d 105, 109-10 (2d Cir. 2009) (per curiam)). Here, in addition to the numerous complaints Miller has filed in this District, he has also filed four motions for a preliminary injunction since 2007, all of which have been assigned to the Undersigned and Judge Wall. See Miller v. Cnty. of Nassau, No. 12-CV-4164(JS)(WDW), 2012 WL 4741592 (E.D.N.Y. Oct. 3, 2012); Miller v. Cnty. of Nassau, No. 12-CV-4159(JS)(WDW), 2012 WL 4370125 (E.D.N.Y. Sept. 21, 2012); Miller v. Alexander, No. 07-CV-3533(JS)(WDW), 2008 WL 4068537 (E.D.N.Y. Aug. 26, 2008); Miller v. Zerillo, No. 07-CV-1719, 2008 WL 375498 (E.D.N.Y. Feb. 6, 2008). There is no question that Miller is very experienced with the legal requirements for a preliminary injunction motion and the Court finds that Judge Wall did not err in withdrawing Plaintiffs' special status as pro se litigants for the purposes of filings drafted by Miller. Plaintiffs' objection is therefore OVERRULED.

Although not clear, Plaintiffs also appear to object to Judge Wall's determination that Plaintiffs only seek to assert a substantive due process claim as opposed to a procedural due process claim. The Undersigned agrees with Judge Wall that it is difficult to tell whether Plaintiffs intend a substantive due process claim, a procedural due process claim, or both. Even if

7

Plaintiffs did intend a procedural due process claim, however, a preliminary injunction is not appropriate for such a claim because Plaintiffs have failed to show a likelihood of success on the merits. To prevail on a claim for violation of Fourteenth Amendment procedural due process rights, "the plaintiff must show that [he] 'possessed a protected liberty or property interest, and that he was deprived of that interest without due process." McMenemy v. City of Rochester, 241 F.3d 279, 285-86 (2d Cir. 2001) (quoting Hynes v. Squillace, 143 F.3d 653, 658 (2d Cir. 1998) (per curiam)). In their objections, Plaintiffs claim that their "procedural due process rights are implicated" because "the prison operating policies largely related to fiscal concerns are preventing plaintiffs and others from their right to be present in court for their criminal cases." (Pls.' Objs. at 4.) However, as Judge Wall noted in his R&R, Plaintiffs do not allege that they have missed any scheduled court appearances. Rather, some of the Plaintiffs are simply dissatisfied with the fact that they "ha[ve] not been brought to Court" for periods of time ranging from two months to ten months. (Affirm. of Emergency ¶¶ 4, 6-8.) This dissatisfaction does not state a claim for violation of procedural due process rights. It therefore follows that Plaintiffs have not shown a likelihood of success. Thus, to the extent Plaintiffs object to Judge Wall's determination that Plaintiffs do not intend

to state a procedural due process claim, such objection is OVERRULED.

Plaintiffs next object to Judge Wall's decision to disregard new evidence that Plaintiffs submitted in reply to Defendants' opposition to Plaintiffs' motion. (Pls.' Objs. at 7.) Specifically, with respect to Plaintiffs' ADA and RA claims, Plaintiffs did not show in their moving papers that they are "qualified individuals with disabilities," a required element under the ADA and RA. However, Plaintiffs did attempt to cure this deficiency with declarations filed in reply to Defendants' opposition. The Undersigned agrees with Judge Wall that providing such detail in a reply is too late and that exercising discretion to consider such evidence would "only prolong this preliminary stage in a case that should move forward with discovery as expeditiously as possible." (R&R at 18.) Accordingly, Plaintiffs' objection to Judge Wall's decision to disregard new evidence submitted in reply is OVERRULED.

Plaintiffs' other objections are either general and conclusory or present arguments that could have been presented to Judge Wall in the first instance. Thus, although a de novo review is not required and the Court need not consider Plaintiffs' newly submitted arguments, the Court has conducted a de novo review of the R&R in an abundance of caution, finds it well-reasoned and thorough, and ADOPTS it in its entirety.

CONCLUSION

For the foregoing reasons, Plaintiffs' objections are OVERRULED and the Court ADOPTS Magistrate Judge Wall's R&R in its entirety. Plaintiffs' motion for a preliminary injunction is therefore DENIED. Defendants' motion to strike is therefore DENIED AS MOOT.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   June   9  , 2014
         Central Islip, NY