FILED
CLERK
1/20/2016 9:56 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CRAIG BURROUGHS et al,

                Plaintiffs,

    -against-

COUNTY OF NASSAU, et al,

                Defendants.
----------------------------------------------------------------------X

**ORDER**
13-CV-6784 (JMA) (SIL)

**AZRACK, United States District Judge:**

    Before the Court is the application from incarcerated pro se plaintiff Daniel Miller ("Miller"), requesting that the Court sever his claims or order separate trials, pursuant to Rule 21 and Rule 42 of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion is denied.

    Furthermore, defendants are instructed to serve a copy of their motion to dismiss on all plaintiffs at their last known addresses and to file an affidavit of service with the Court by January 21, 2016. If any plaintiff seeks to oppose the motion, such opposition must be filed with the Court no later than March 4, 2016. To the extent no opposition is filed, the motion will be deemed unopposed.

## DISCUSSION

    This action was filed in November 2013 by fifteen pro se plaintiffs, confined at the Nassau County Correctional Center. On September 21, 2015, Defendants timely served their motion to dismiss on the plaintiffs at their most current addresses. (Certificate of Service, ECF No. 143.3.) However, several of the copies sent to plaintiffs were returned as undeliverable. (Letter Seeking Guidance from the Court, ECF No. 141.) Now, Miller seeks to sever his claim

1

or sever trials because, "since [he] appear[s] to be the only plaintiff actively prosecuting this case, it would be prejudicial to [him] for [his] claims to be dismissed, or to be deprived of the opportunity to amend [his] pleading in accordance with Rule 15." Defendants have opposed Miller's motion.

"While issues under Rule 21 or Rule 42 are within the broad discretion of the trial court, the Court will consider the following factors in making such a decision: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999) (citations omitted).

The Court finds that several factors weigh against granting the motion. Alleged as a group pleading, the complaint contains claims that arise out of the same transaction or occurrence, and it presents common questions of law or fact. And, severance would in no way benefit settlement or judicial economy. Finally, to avoid any prejudice, Miller and any other plaintiff that seek to pursue this case will still have a final opportunity to oppose defendants' motion—although plaintiffs' opposition was due on October 21, 2015. Miller alone requested an extension from the Court, dated December 31, 2015. Consequently, his motion to sever his claims or order separate trials is denied, and his motion for an extension of time is granted.

## CONCLUSION

For the reasons set for above, the motion to sever claims or separate trials is denied. The Court orders that defendants serve a copy of their motion to dismiss on all plaintiffs at their last known addresses and file an affidavit of service with the Court by January 22, 2016. If any plaintiff seeks to oppose the motion, such opposition must be filed with the Court <u>no later than March 4, 2016</u>. The Court has warned plaintiffs numerous times that failure to notify the Court of a change in address could result in dismissal for failure to prosecute. Therefore, to the extent no opposition is filed, defendants' motion will be deemed unopposed. Defendants' reply, if any, must be served and filed on <u>March 18, 2016.</u>

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444−45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

Date: January 20, 2016
      Central Islip, New York

                                                           /s/ (JMA)
                                                           Joan M. Azrack
                                                           United States District Judge