FILED
CLERK
4/12/2016 3:51 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CRAIG BURROUGHS, EDDIE MURDOCK, GARY
WALSH, JEROME KOWALSKI, KEITH ADDISON,
MICHAEL DOLLISON, RAMEL NELLUMS,
DANIEL MILLER, LEO DUCHNOWSKI, CRAIG
THURSTON, WILLIAM COWAN, KURTIS PHILLIP,
JAMES SUTHERLAND, JAMEL WILLIAMS, KEVIN
FARRELLY,

      Plaintiffs,

  -against-

COUNTY OF NASSAU and MICHAEL J. SPOSATO,
*Sheriff of Nassau County*,

      Defendants.
----------------------------------------------------------------------X
KENNETH GRAFTON,

      Plaintiff,

  -against-

COUNTY OF NASSAU and MICHAEL J. SPOSATO,
*Sheriff*,

      Defendants.
----------------------------------------------------------------------X
BILAL HASSAN,

      Plaintiff,

  -against-

COUNTY OF NASSAU and MICHAEL SPOSATO,
*Sheriff of Nassau County*,

      Defendants.
----------------------------------------------------------------------X

**ORDER**

13-CV-6784 (JMA) (SIL)

15-CV-4563 (JMA) (GRB)

15-CV-4647 (JMA) (AYS)

**AZRACK, United States District Judge:**

  On March 22, 2016, Defendants Nassau County and Michael Sposato ("defendants") in the

cases <u>Burroughs v. County of Nassau, et al</u>, 13-CV-6784, and <u>Grafton v. County of Nassau, et al</u>, 15-CV-4563, filed a motion to consolidate the two actions. On February 9, 2016, defendants, also named in <u>Hassan v. County of Nassau, et al</u>, 15-CV-4647, had a conference before Magistrate Judge Shields. At the conference, the parties and Judge Shields, agreed that <u>Hassan</u>, 15-CV-4647, should be consolidated with <u>Burroughs</u>, 13-CV-6784. (<u>See</u> Minute Entry, 15-CV-4647, ECF No. 18.) All three of these actions were brought by <u>pro se</u> plaintiffs, who are prisoners with disabilities, regarding their confinement and the conditions at the Medical Unit of the Nassau County Correctional Center (the "MU"). All plaintiffs assert claims under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiffs allege that the MU's policies and facilities are discriminatorily different than those designated for non-disabled individuals at the Nassau County Correctional Center. In each of the three complaints, plaintiffs' allege the same facts.

## I. DISCUSSION

Under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). A district court has "broad discretion to determine whether consolidation is appropriate," <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284 (2d Cir. 1990), and may consolidate related cases <u>sua sponte</u>. <u>Devlin v. Transp. Commc'ns Int'l Union</u>, 175 F.3d 121, 130 (2d Cir. 1999). Before consolidating cases, the court considers:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285.

All three of these actions arise out of common operative facts. The allegations regarding the conditions of confinement in the MU are substantially the same in each of the three complaints and are each alleged against the same two defendants. As such, all three actions implicate the same witnesses, evidence, and parties. Furthermore, Burroughs, 13-CV-6784, was initially instituted by fifteen plaintiffs, though many of them have now failed to keep their address current. Although a motion to dismiss has been fully-briefed in Burroughs, 13-CV-6784, only one plaintiff has opposed the motion. As discovery requests have not propounded in any of these cases, there would be little risk of prejudice. Furthermore, consolidation would avoid the risk of inconsistent adjudications and would promote judicial economy.

For these reasons, the three the-above captioned cases will be consolidated for all pretrial purposes and for trial. The actions will proceed henceforth under Docket Number 13-CV-6784 (the "Lead Case") and all papers filed in these actions will from now on bear only the Lead Case docket number. The caption of this consolidated action will be amended in accordance with this Order, and the actions under Docket Numbers 15-CV-4563 and Docket Number 15-CV-4647 will be administratively closed.

## I.   CONCLUSION

It is hereby ORDERED that:

For all purposes, Burroughs, 13-CV-6784, Grafton, 15-CV-4563, and Hassan, 15-CV-4647, are deemed consolidated under Docket Number 13-CV-6784. All papers from any party must be filed under Docket Number 13-CV-6784; and

The briefing schedules on the motions to dismiss originally set forth in Docket Number 13-CV-6784 and Docket Number 15-CV-4563 will remain unchanged. Defendants must serve a copy

Johnson, 899 F.2d at 1285.

All three of these actions arise out of common operative facts. The allegations regarding the conditions of confinement in the MU are substantially the same in each of the three complaints and are each alleged against the same two defendants. As such, all three actions implicate the same witnesses, evidence, and parties. Furthermore, Burroughs, 13-CV-6784, was initially instituted by fifteen plaintiffs, though many of them have now failed to keep their address current. Although a motion to dismiss has been fully-briefed in Burroughs, 13-CV-6784, only one plaintiff has opposed the motion. As discovery requests have not propounded in any of these cases, there would be little risk of prejudice. Furthermore, consolidation would avoid the risk of inconsistent adjudications and would promote judicial economy.

For these reasons, the three the-above captioned cases will be consolidated for all pretrial purposes and for trial. The actions will proceed henceforth under Docket Number 13-CV-6784 (the "Lead Case") and all papers filed in these actions will from now on bear only the Lead Case docket number. The caption of this consolidated action will be amended in accordance with this Order, and the actions under Docket Numbers 15-CV-4563 and Docket Number 15-CV-4647 will be administratively closed.

## I.   CONCLUSION

It is hereby ORDERED that:

For all purposes, Burroughs, 13-CV-6784, Grafton, 15-CV-4563, and Hassan, 15-CV-4647, are deemed consolidated under Docket Number 13-CV-6784. All papers from any party must be filed under Docket Number 13-CV-6784; and

The briefing schedules on the motions to dismiss originally set forth in Docket Number 13-CV-6784 and Docket Number 15-CV-4563 will remain unchanged. Defendants must serve a copy

of their motion to dismiss in Docket Number 13-CV-6784 upon plaintiff Bilal Hassan of Docket Number 15-CV-4647 by April 18, 2016.  Plaintiff Hassan must file his opposition with the Court by May 19, 2016.  Plaintiff is warned that to the extent he fails to file an opposition, the motion will be deemed unopposed.  Defendants' reply, if any, must be served and filed on June 9, 2016.

It is further ORDERED that the Clerk of Court shall:

(1) Administratively close the actions under Docket Number 15-CV-4563 and Docket Number 15-CV-4647;

(2) Amend the caption of these consolidated actions under Docket Number 13-CV-6784; and

(3) Serve a copy of this Order on all parties.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444−45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Dated: April 12, 2016
Central Islip, New York

          /s/     JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

4