UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CRAIG BURROUGHS, EDDIE MURDOCK, GARY WALSH, JEROME KOWALSKI, KEITH ADDISON, MICHAEL DOLLISON, RAMEL NELLUMS, DANIEL MILLER, LEO DUCHNOWSKI, CRAIG THURSTON, WILLIAM COWAN, KURTIS PHILLIP, JAMES SUTHERLAND, JAMEL WILLIAMS, KEVIN FARRELLY,

                Plaintiffs,

    -against-

COUNTY OF NASSAU and MICHAEL J. SPOSATO, *Sheriff of Nassau County*,

                Defendants.
----------------------------------------------------------------------X
KENNETH GRAFTON,

                Plaintiff,

    -against-

COUNTY OF NASSAU and MICHAEL J. SPOSATO, *Sheriff*,

                Defendants.
----------------------------------------------------------------------X
BILAL HASSAN,

                Plaintiff,

    -against-

COUNTY OF NASSAU and MICHAEL SPOSATO, *Sheriff of Nassau County*,

                Defendants.
----------------------------------------------------------------------

For Online Publication Only

**ORDER**

13-CV-6784 (JMA) (SIL)

**FILED**
**CLERK**
11/18/2016 11:51 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

15-CV-4563 (JMA) (GRB)

15-CV-4647 (JMA) (AYS)

**AZRACK, United States District Judge:**

On November 18, 2013, fifteen incarcerated pro se plaintiffs, namely Craig Burroughs, Eddie Murdock, Gary Walsh, Jerome Kowalski, Keith Addison, Michael Dollison ("Dollison"), Ramel Nellums, Daniel Miller, Leo Duchnowski, Craig Thurston, William Cowan, Kurtis Phillip, James Sutherland, Jamel Williams, and Kevin Farrelly filed a civil rights Complaint in this Court against the County of Nassau and Nassau County Sheriff Michael Sposato pursuant to 42 U.S.C. § 1983 ("Section 1983").  (ECF No. 1.)  By Order dated April 12, 2016, the Court consolidated civil rights Complaints brought by incarcerated plaintiffs Kenneth Grafton and Bilal Hassan with the present action.  (ECF No. 173.)  Currently pending before the Court are the applications of Grafton and Dollison (together, "plaintiffs") for the appointment of pro bono counsel to represent them in this case.  (ECF Nos. 192, 193.)  For the reasons set forth below, plaintiffs' applications are denied.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel.  Courts possess broad discretion when determining whether appointment is appropriate, Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003), "subject to the requirement that it be 'guided by sound legal principle.'"  Cooper v. A. Sargenti Co. Inc, 877 F.2d 170, 171–72 (2d Cir. 1989) (quoting Jenkins v. Chem. Bank, 721 F.2d 876, 879 (2d Cir. 1983)).  The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case,

1

> the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. "A developed record assists the court in this regard." James v. Suffolk Cty. Corr. Facility, No. 13-CV-2344, 2014 WL 4659300, at *1 (E.D.N.Y. Sept. 17, 2014) (citing Brooks v. New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992)).

The Court has reviewed plaintiffs' applications together with the pleadings and other filings in this case and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude—after considering the Hodge factors in the context of plaintiffs' applications and other submissions in this case—that the appointment of counsel is warranted. Specifically, despite the concerns raised in plaintiffs' applications, the Court concludes that plaintiffs are able to prosecute their case at this stage of the litigation. In reaching this determination, the Court finds that plaintiffs have proven able to pursue this case, and that there is no special reason to appoint counsel.

Accordingly, plaintiffs' applications for appointment of pro bono counsel are denied without prejudice to renew the application(s) at the conclusion of discovery, if circumstances warrant. This denial also is without prejudice to plaintiffs hiring their own counsel to represent them in this matter.

## CONCLUSION

For the reasons set forth above, plaintiffs' applications for the appointment of pro bono

2

counsel are denied without prejudice to plaintiffs renewing the application(s) at the conclusion of discovery, if circumstances warrant. This denial also is without prejudice to plaintiffs hiring their own counsel to represent them in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: November 18, 2016
Central Islip, New York

                                                    /s/ (JMA)
                                                    Joan M. Azrack
                                                    United States District Judge