UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CRAIG BURROUGHS, EDDIE MURDOCK, GARY WALSH, JEROME KOWALSKI, KEITH ADDISON, MICHAEL DOLLISON, RAMEL NELLUMS, DANIEL MILLER, LEO DUCHNOWSKI, CRAIG THURSTON, WILLIAM COWAN, KURTIS PHILLIP, JAMES SUTHERLAND, JAMEL WILLIAMS, KEVIN FARRELLY,

        Plaintiffs,

KENNETH GRAFTON,

        Consolidated Plaintiff,

BILAL HASSAN,

        Consolidated Plaintiff,

   -against-

COUNTY OF NASSAU and MICHAEL J. SPOSATO, *Sheriff of Nassau County*,

        Defendants.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**

13-CV-6784 (JMA) (SIL)

FILED
CLERK
03/06/2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

  Before the Court are: (1) plaintiff Kenneth Grafton's application to file an amended complaint; (2) plaintiff Bilal Hassan's application to file an amended complaint; (3) plaintiff Daniel Miller's application to file an amended complaint; (4) plaintiff Craig Thurston's application to extend the time to file an amended complaint; (5) defendants' motion to dismiss all of plaintiffs' § 1983 claims with prejudice; and (6) defendants' motion to dismiss the claims of William Cowan, Kurtis Phillip, Jamel Williams, and Leo Duchnowski for failure to prosecute.

  For the reasons stated below the Court: (1) denies Grafton's application to file an amended complaint; (2) denies Hassan's application to file an amended complaint; (3) denies Miller's

1

application to file an amended complaint; (4) denies Thurston's application to extend the time to file an amended complaint; (5) grants defendants' motion to dismiss all of plaintiffs' § 1983 claims with prejudice; (6) grants defendants' motion to dismiss the claims of Cowan, Phillip, Williams, and Duchnowski for failure to prosecute; and (7) schedules a status conference before Judge Azrack on April 20, 2017, at 5:00 PM in Courtroom 920 of the Long Island Courthouse located at 100 Federal Plaza Central Islip, New York 11722.  All parties are required to attend this status conference.

## I.    BACKGROUND

In November 2013, fifteen pro se plaintiffs initiated this action against Nassau County and Sheriff Sposato.  Plaintiffs identified themselves as prisoners with disabilities who were housed in the Medical Unit ("MU") at the Nassau County Correctional Facility ("NCCF").[1]  Plaintiffs sought permanent injunctive and monetary relief to remedy alleged violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and Eighth and Fourteenth Amendments.  (ECF No. 1.)  In July 2015, Kenneth Grafton, another prisoner housed in the MU at the NCCF, filed a complaint against the County and Sheriff Sposato alleging that he, too, suffered from various deprivations in violation of the ADA, RA, and the Eighth and Fourteenth Amendments.  (ECF No. 170.)  In August 2015, plaintiff Bilal Hassan, who is also housed in the MU, did the same.  (Hassan v. Cty of Nassau, No. 15-CV-4647, ECF No. 1.)

On April 12, 2016, this Court consolidated the three complaints, finding that each alleged substantially similar claims arising out of the conditions of confinement at the MU.[2]  (ECF No.

---

[1] The fifteen original plaintiffs filed their complaint under Burroughs v. Cty of Nassau, No. 13-CV-6784.

[2] The Court assumes familiarity with the facts and procedural history of this case as explained in more detail in the Court's November 14, 2016 Memorandum & Order.

2

173.) In its Consolidation Order, the Court consolidated all three cases under Docket Number 13-CV-6784 and directed that all papers from any party be filed under Docket Number 13-CV-6784 going forward. (ECF No. 173 at 3.)

On November 14, 2016, this Court dismissed plaintiffs' § 1983 claims against Sheriff Sposato on the grounds that plaintiffs had failed to allege Sposato's personal involvement in any alleged deprivation. (ECF No. 194 at 9–11.) This Court also dismissed plaintiffs' § 1983 claims against Nassau County on the grounds that plaintiffs had failed to, among other things, identify a policy, custom, or usage sufficient to establish municipal liability under 28 U.S.C. § 1983.[3] (Id. at 11–14.) The Court gave plaintiffs thirty (30) days from the date of the November 14 Order to amend their complaints to cure the deficiencies identified with the § 1983 claims. Accordingly, any amended complaints were due on December 14, 2016. Additionally, in the November 14 Order, the Court warned plaintiffs that failure to file amended complaints by December 14, 2016 would result in dismissal of the deficient claims with prejudice. The Court sent copies of the November 14 Order to the pro se plaintiffs. (Id.) Six of those mailings—addressed to Jerome Kowalski, William Cowan, Jamel Williams, Leo Duchnowski, Eddie Murdock, and Kurtis Phillip—were returned "as undeliverable." (ECF Nos. 196–201.)

## II.   DISCUSSION

### A. Grafton's Application to Amend the Complaint

On December 1, 2016, Kenneth Grafton requested leave to file an amended complaint. (ECF No. 210.) In his application, Grafton seeks to add allegations: (1) describing the conditions of recreation at the MU and NCCF; (2) describing the conditions of his room at the MU—i.e., that

---

[3] The Court also found that plaintiffs' claims arising out of the housing policy failed on the merits because plaintiffs did not sufficiently allege any underlying procedural due process or equal protection violation. The Court additionally found plaintiffs' claims arising out of the "scratching" policy failed on the merits because plaintiffs did not sufficiently allege that they were denied access to the courts.

3

his room lacked a table or desk; and (3) describing the emotional toll that the alleged violations have taken on him.

Grafton's request for leave to file an amended complaint adding the proposed allegations is denied. The Court concludes that the majority of Grafton's proposed allegations are duplicative of allegations he already included in his original complaint. Furthermore, none of Grafton's proposed allegations cure the deficiencies identified by the Court in its November 14 Order.

**B.  Hassan's Application to Amend the Complaint**

On December 18, 2016, Hassan requested leave to file an amended complaint.[4] (Hassan v. Cty. of Nassau, 15-CV-4647, ECF Nos. 20 & 21.) Hassan's application consists of an amended complaint, (id., ECF No. 20), and an addendum (id., ECF No. 21). Hassan filed his application in Hassan v. Cty. of Nassau, 15-CV-4647, his original case, which had been administratively closed by the Court's earlier Consolidation Order. In his application, Hassan seeks to add over one hundred new defendants and to add allegations that range from embezzlement to denial of medical care against prison employees.

Hassan's request was untimely by several days, in violation of the Court's November 14 Order. (See ECF No. 194.). Moreover, the Court notes that Hassan filed his request on the wrong docket, in direct contravention of the Court's Consolidation Order. (See ECF No. 173.) Filing this request on the wrong docket led to further delay in this already long-running case. Accordingly, Hassan's request for leave to file an amended complaint is denied.

---

[4] In his application to amend his complaint Hassan represents that he "delivered his complaint to prison authorities to be mailed to [the Court]" on December 23, 2016. If this is correct, Hassan's request to amend would have been over a week late. Because Hassan is pro se, the Court will assume he drafted and mailed his application on the earlier date identified—December 18, 2016. Ultimately, this is immaterial because, in any event, Hassan's application is untimely.

4

**C. Miller's Application to Amend the Complaint**

On January 22, 2017, Miller requested leave to file an amended complaint. (ECF No. 214.) In his application, Miller claims that he never received the Court's November 14 Order, dismissing his § 1983 claims and granting him thirty (30) days to amend his complaint. In his letter, Miller admits that he received another order issued by the Court in November and a recent correspondence from defendants dated January 10, 2017.

Miller's request for leave to file an amended complaint is denied. Miller claims that instead of receiving a copy of the November 14 Order, he received two copies of another order issued by the Court denying co-plaintiff Hassan counsel. The Court does not credit this conclusory assertion. First, the docket reflects that the Court sent copies of the November 14 Order to all the plaintiffs in this case. (ECF No. 194.) The copy sent to Miller was not returned as undeliverable. The docket also includes copies of these mailings that were sent to six of Miller's co-plaintiffs and were subsequently returned as undeliverable. (ECF Nos. 196–201.) Each of these docket entries contains a copy of the Court's November 14 Order. Additionally, the Court notes that while it issued another order four days after the November 14 Order, this second order denied a request for counsel by co-plaintiffs Kenneth Grafton and Michael Dollison, <u>not</u> Bilal Hassan, as Miller states. Moreover, Miller's application fails to explain how he would amend his complaint to cure the deficiencies identified by the Court. Accordingly, his request for leave to file an amended complaint is denied.

**D. Thurston's Application to Extend the Time to File an Amended Complaint**

On January 27, 2017, Thurston requested an extension of time to file an amended complaint. (ECF No. 217.) In his application, Thurston claims that he did not file an amended complaint because he assumed one of his co-plaintiff's would do so. This excuse hardly constitutes

good cause.  Furthermore, Thurston's request is untimely.  Accordingly, Thurston's request for an extension of time to file an amended complaint is denied.

**E.  Defendants' Motion to Dismiss Plaintiffs' § 1983 Claims**

On January 10, 2017, defendants moved to dismiss all of plaintiffs' § 1983 claims with prejudice.  No plaintiff submitted a timely amended complaint that would cure the deficiencies identified in the Court's November 14 Order.  Consistent with this Court's explicit warning that failure to amend the complaints within thirty (30) days would result in dismissal of plaintiffs' § 1983 claims, defendants' motion to dismiss plaintiffs' § 1983 claims with prejudice is granted.

**F.  Defendants' Motion to Dismiss for Failure to Prosecute**

Also on January 10, 2017, defendants moved to dismiss the claims of William Cowan, Kurtis Phillip, Jamel Williams, and Leo Duchnowski for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Rule 41(b) allows a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order . . . ." Fed. R. Civ. P. 41(b).  The Court has warned plaintiffs on several occasions that failure to notify the Court of a change of address could result in dismissal.  (See ECF No. 194 at 4.)

All four of these plaintiffs have failed to keep the Court apprised of their address, resulting in the return of their mail as undeliverable.  (See ECF Nos. 197, 198, 199, 201, 202, 204, 205, 208.)  Accordingly, the Court grants defendants' motion to dismiss the claims of Cowan, Phillip, Williams, and Duchnowski for failure to prosecute.

**G.  Status Conference**

A status conference is hereby scheduled with Judge Azrack for April 20, 2017, at 5:00 PM in Courtroom 920 of the Long Island Courthouse located at 100 Federal Plaza Central Islip, New York 11722.  Defendants' counsel is to appear in person and must make arrangements with

6

plaintiffs' correctional facilities in advance to ensure that any plaintiffs who are incarcerated are made available for the call.

All plaintiffs who are not currently incarcerated are required to attend this conference in person. If a plaintiff who is not currently incarcerated fails to attend, the Court may dismiss his action for failure prosecute pursuant to Rule 41(b).

### III.     CONCLUSION

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court shall mail a copy of this Order to all pro se plaintiffs.

**SO ORDERED**.

Date:   March 6, 2017
Central Islip, New York

                      /s/ (JMA)
                    Joan M. Azrack
                    United States District Judge